WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Cindy Lee Lawrence,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-19-08232-PCT-MTL<br><br>**ORDER** |

　　　　Before the Court are Plaintiff's motions for attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA") (Doc. 17) and 42 U.S.C. § 406(b) of the Social Security Act (Doc. 18). For the reasons stated below, the Court will grant both motions (Docs. 17, 18).

**I.**

　　　　On August 9, 2019, Plaintiff filed a Complaint seeking judicial review of the Commissioner of Social Security Administration's decision to deny her application for Social Security disability benefits. (Doc. 1.) On February 12, 2020, this Court granted the parties' joint stipulation to reverse the Commissioner's denial of benefits and to remand the case for a new decision. (Doc. 15.) On May 8, 2020, Plaintiff's counsel filed a motion pursuant the EAJA seeking $6,970.00 in attorney's fees for 34 billed hours—for an effective hourly rate of $205.00—as agreed upon by the parties. (Doc. 17.) The motion is unopposed. (*Id.*)

　　　　On remand, Plaintiff received $91,046.20 in past-due social security disability

benefits. (Doc. 18, Ex. 1.) On July 7, 2020, Plaintiff's counsel filed a motion pursuant to 42 U.S.C. § 406(b) seeking $22,761.55 in attorney's fees. This amount represents 25% of the $91,046.20 received by Plaintiff in past-due social security disability benefits and is consistent with both the statute and the contingent fee agreement between Plaintiff and her counsel. (Doc. 18.) Should both motions be granted, Plaintiff's counsel agrees to refund Plaintiff the amount of the lesser fee. (*Id.*)

## II.

### A.

In any non-tort civil action brought by or against the United States, the EAJA provides that "a prevailing party other than the United States" shall be awarded attorney's fees "unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). The government bears the burden of showing its position was substantially justified. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1259 (9th Cir. 2001). The EAJA sets a statutory maximum hourly rate for attorney's fees—for work performed in 2019, the rate is $205.25; for work performed in the first half of 2020, the rate is $206.77.*

All the requirements for awarding attorney's fees under the EAJA are satisfied here. Plaintiff "is a prevailing party for the purposes of the EAJA because she obtained an order from the Court remanding the case to the Commissioner." *Vargas v. Comm'r of Soc. Sec. Admin.*, No. CV-18-04712-PHX-MTL, 2020 WL 3050706, at *2 (D. Ariz. June 8, 2020). The government neither argues that its position was substantially justified, nor opposes Plaintiff's motion for EAJA attorney's fees. And Plaintiff's counsel's

---

* The EAJA places a statutory maximum rate on attorney's fees of $125 per hour, as adjusted by "an increase in the cost of living or a special factor." 28 U.S.C. § 2412(d)(2)(A). "Appropriate cost-of-living increases are calculated by multiplying the $125 statutory rate by the annual average consumer price index figure for all urban consumers ('CPI–U') for the years in which counsel's work was performed, and then dividing by the CPI–U figure for March 1996, the effective date of EAJA's $125 statutory rate." *Thangaraja v. Gonzales*, 428 F.3d 870, 876-77 (9th Cir. 2005). The Ninth Circuit publishes the statutory maximum rates from 2009 to the present on their website. *See* U.S. CTS. FOR THE NINTH CIR., *Statutory Maximum Rates under the Equal Access to Justice Act*, https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last accessed Sept. 9, 2020).

requested hourly rate of $205.00 for work performed in 2019 and 2020 is below the statutory maximum rate. Accordingly, Plaintiff's motion for attorney's fees under the EAJA (Doc. 17) is granted and Plaintiff's counsel is awarded $6,970.00.

**B.**

Section 406(b) allows a court rendering a favorable judgment to a Social Security claimant to award a "reasonable fee" to the claimant's counsel. 42 U.S.C. § 406(b)(1)(A). This "reasonable fee" cannot exceed 25% of the past-due disability benefits received by Plaintiff. *Id.* Section 406(b) "does not displace contingent-fee agreements," but rather "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002).

Courts test the "reasonableness" of a contingent fee agreement by evaluating "the character of the representation and the results the representative achieved." *Id.* at 808. A court may reduce a fee if counsel provided "substandard representation," "engaged in dilatory conduct," or if the amount of fees are so "large in comparison to the amount of time counsel spent on the case" that the award results in a windfall to counsel. *Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (internal citation omitted). But if the contingent fee agreement is reasonable, "nothing remains for the district courts to do . . . except to award those fees," since "'satellite litigation' over attorneys' fees should not be encouraged." *Id.* at 1151 (quoting *Gisbrecht*, 535 U.S. at 808).

Here, Plaintiff's counsel obtained a favorable judgment for Plaintiff and the contingent fee agreement between the parties is reasonable here. Plaintiff agreed to pay her counsel 25% of any past-due disability benefits she received in this action. (Doc. 18, Ex. 2.) The contingent fee agreement is thus consistent with the 25% statutory limit. The Social Security Administration has awarded Plaintiff $91,046.20 in past-due disability benefits, (Doc. 18, Ex. 1), and 25% of that award equals $22,761.55. Dividing the $22,761.55 fee by the 39.6 hours of work results in a de facto hourly rate of $574.77, which is reasonable given the inherent risk of contingent fee agreements. *See Crawford*,

586 F.3d at 1153 (recognizing the risk of contingent fee agreements and approving effective hourly rates of $519, $875, and $902 for attorneys representing social security benefit claimants). And no evidence suggests Plaintiff's counsel provided substandard representation or engaged in dilatory conduct. Accordingly, the Plaintiff's motion for attorney's fees under § 406(b) (Doc. 18) is granted and Plaintiff's counsel is awarded $22,761.55.

### C.

Congress permits fee awards under both § 406(b) and the EAJA, but "the claimant's attorney must refund to the claimant the amount of the smaller fee." *Gisbrecht*, 535 U.S. at 796 (internal quotations omitted). An EAJA award "offsets" a § 406(b) award "up to the point the claimant receives 100 percent of the past-due benefits." *Id.* This Court has granted Plaintiff counsel fee awards of $22,761.00 under § 406(b) and $6,970.00 under the EAJA. As Plaintiff's counsel requests (Doc. 18), this Court orders that the lesser, EAJA fee of $6,970.00 be refunded to Plaintiff.

### III.

Accordingly,

**IT IS ORDERED** that Plaintiff's Combined Motion and Brief for Attorney's Fees Pursuant to the Equal Access to Justice Act (Doc. 17) is **granted**. Plaintiff's counsel is awarded $6,970.00.

**IT IS FURTHER ORDERED** that Plaintiff's Combined Motion and Brief for Attorney Fees Pursuant to 42 U.S.C. § 406(b) (Doc. 18) is **granted**. Plaintiff's counsel is awarded $22,761.55.

**IT IS FURTHER ORDERED** that Plaintiff's counsel shall refund $6,970.00 to Plaintiff.

///

///

///

///

1 **IT IS FINALLY ORDERED** that Plaintiff's counsel shall promptly provide
2 Plaintiff with a copy of this Order.
3 Dated this 10th day of September, 2020.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge